Learned, P. J.
This action is on a promissory note for $160 made by defendants, and on an account for goods sold eighteen dollars and interest. The jury found a verdict for $25.25, the amount of the account, and the plaintiff appeals.
The defense to the note was that it was given for the purchase of a patent right by Allen Bow, and that George H. Dow was a surety; that the purchase was induced by false and fraudulent representations made by Allen Dow.
The case came to this court in May, 1884, on an appeal by the defendants from a verdict against them directed by the court. This judgment was reversed and a new trial granted.
The plaintiff now insists that, inasmuch as the answer does not allege a return or offer to return the property, evidence of fraud is incompetent. This point was disposed of when the case was here before.
The plaintiffs further say that the sale of the patent right was to Allen Dow, and the fraudulent representations were made to him; and, therefore, that they form no defense against the liability of George H. Coffin v. McLean, 80 N. Y., 562. And the plaintiffs say that this court on the *140 former argument held that the allegations formed a counter claim. An examination of the opinion shows that this court did not say that the matters set up were a counterclaim as distinguished from a total or partial defense.
It does not seem to be disputed that George H. was in fact a surety, although he signed as maker. If he was surety, of course he was surety only for the indebtedness of his principal. And if the principal did not owe this note, or owed only part of it, it would be difficult to understand how the surety could owe the whole. We have examined the exceptions to the admission and exclusion of evidence and find no error.
In the charge of the judge the plaintiff requested the judge to charge that the fact that it takes experience to run the mill, is not to be considered against the plaintiff.
The judge replied, saying that that was a circumstance which the jury might make such use of as they saw fit in finding the facts. There was no error in this. That was a matter properly to be considered in deciding whether the mill fulfilled the statements made in respect to it. We see no error in any part of the judges charge.
The plaintiff evidently still insists on the claim made upon the former argument, viz., that the defendants could not show fraud as a defense without alleging and proving a rescission of the contract. We have, therefore, examined the views expressed in the former opinion, and are satisfied that they are correct.
Before the Code the doctrine here contended for by defendants was often called that of recoupment.
And the right still remains, although the name has gone somewhat out of use.
Judgment affirmed, with costs.
Tjandón and Bocees, JJ., concur.